

Roy Lee Pierce
302 E. Sherman Drive
Carson, Ca. 90746
(310) 508-7539

FILED

2012 OCT 29 PM 12: 49

CLERK, U.S. DISTRICT...
CENTRAL DIST...
L.S. ANGELES...

BY____

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

ROY LEE PIERCE,

               Plaintiff,

v.

VALMONT INDUSTRIES, INC.,

               Defendant

Case No. CV12-9254 MMM (MANx)

COMPLAINT FOR DAMAGES
RESULTING FROM HARASSMENT;
DISCRIMINATION; AND
INTENTIONAL INFLICTION OF
EMOTIONAL DISTRESS.

## JURISDICTION AND VENUE

1. Plaintiff invokes this Court's jurisdiction under 28 USC § 1332. The matter in controversy exceeds $75,000.00 and the parties are citizens of different States. The unlawful practices complained of herein occurred in Los Angeles County, State of California.

OCT 2 9 2012

Clerk, US District Court
COURT 46.2

## PARTIES

2.  Defendant Valmont Industries, Inc., is corporation organized and existing under the laws of the State of Delaware with its primary place of business in Omaha, Nebraska and is subject to suit under the California Fair Employment and Housing Act, Government Code § 12900 et. seq. (FEHA), in that Defendant regularly employs five or more persons.

3.  Plaintiff ROY LEE PIERCE is an adult person of African American descent and is A resident of the County of Los Angeles, State of California.

4.  For the purpose of the claims brought this suit under the FEHA, Plaintiff is considered an employee of the Defendant pursuant to 2 Cal. C. Regs § 7286.5(b).

## STATEMENT OF FACTS

5.  On Friday November, 18, 2011, Select Staffing sent Plaintiff to work the second shift (2:30pm-10:30pm) as a temp at Defendant's Calwest Galvanizing, 2226 E. Dominguez St., Carson Ca. 90810.  Select Staffing told Plaintiff the Calwest Assignment would be long term.

6.  On Friday November 18, 2011, upon arrival at Calwest for the second shift, Plaintiff observed that all the Calwest employees and temps were of Non- Black Hispanic descent, with the exceptions of one African American temp.

7.  On Friday November 18, 2011, Plaintiff and two other new temps sent by Select Staffing, both of whom were of Non- Black Hispanic descent, met with the Supervisor duty for instruction. During the course of that meeting in the Supervisor's office, as Martin talked he continually stared at Plaintiff with an angry gaze.  At the conclusion of the meeting , Martin told Plaintiff and the two other new temps to work

2.

1   on the "make-up-side" of the factory.

2

3   8.  During the course the shift on November 18, 2011, on several occasions, Plaintiff

4   noticed Martin standing nearby leering at Plaintiff with hostile facial expressions.

5

6   9.  Later on that night, November 18, 2011, Martin walked up to Plaintiff and the two

7   other new temps and spoke to them in Spanish without addressing Plaintiff. Martin

8   then took the other two temps to the "clean-up-side" to work, thereby leaving

9   Plaintiff to work alone on the "make-up-side".

10

11  10.  At the end of the night on November 18, 2011, Martin walked over to the

12  "make-up-side" and thanked Plaintiff for his work. Martin then told Plaintiff to

13  contact Select Staffing for Plaintiff's next assignment. Martin stated, "I only

14  needed you tonight for a special project". Plaintiff then asked Martin whether

15  the two other new temps would be returning on Monday. In response to Plaintiff's

16  question, Martin looked visibly angered. Martin then said "who the fuck are u to

17  question me about staffing decisions". Plaintiff said "what" attempting to respond,

18  but Martin to Plaintiff "you need to leave". As Plaintiff walked away, Plaintiff

19  heard Martin call Plaintiff a "Mayate".

20

21  11.  "Mayate" is derogatory term used by Non-Black Hispanic to refer to African

22  Americans. It is the thing as calling an African American a"Nigger"

23

24  12.  On November 18, 2011, Plaintiff then walked outside to the parking lot where

25  Plaintiff saw the other two new temps . Plaintiff asked the two other two new temps

26  whether they were returning on Monday. They said yes. After a few minutes Plaintiff

27  got into Plaintiff's car and started driving towards the parking lot exit. When Plaintiff

28  reached the parking lot exit, Plaintiff saw Martin standing with Bobby. Plaintiff got

out the car and asked Martin why the two other new temps would be returning and Plaintiff would not be returning. Martin said that, "I only needed you one night for a special assignment". Regarding the two other new temps, Martin said "they are coming back Monday because I am going to need them one more day." In response to Martin's statements, Plaintiff saw an expression of disbelief and shock on Bobby's face.

13. On the morning of Monday November 21, 2011, Plaintiff spoke to Select Staffing . Select Staffing reassigned Plaintiff back to Calwest.

14. On Monday November 21, 2011, Plaintiff and the two other new temps returned to Calwest and met with Geraldo. Geraldo was the regular Supervisor for the second shift. Geraldo told Plaintiff and the two other new temps to work on the "clean-up-side". The "Leadman" on the "clean-up-side" was a Calwest employee named Alba.

15. On November 21, 2011, after Plaintiff began working on the "clean-up-side", Alba displayed instant hostility towards Plaintiff. Alba told Plaintiff ,"Martin couldn't seem to get rid of you but, I am going to make sure you don't want to stay." After a few days Alba began calling Plaintiff "boy" instead of "Roy". And on several occasions Alba berated Plaintiff in front of other temps. Alba would tell all the temps to gather at a specific area for instruction on proper technic. Alba would then start yelling and screaming with his visual focus directed at Plaintiff. After the meetings Alba would approach the Plaintiff and say "[d]id you get it stupid?"

16. On or about January 2012, Calwest added a third shift and Martin was assigned as the Supervisor. The make-up of the third shift consisted of about twelve temps. Of those twelve temps, about five of them were African American and remainder were Non-Black Hispanic. After about the first week, Martin had got rid of all the

4.

African Americans, with the exception of one persons.

17. On or about February 24, 2012, Plaintiff was working at Defendant's Calwest Galvanizing removing steel grates from a pile of them and stacking them on pallets. Plaintiff and Marcus Smith stood on the pile of grates and lifted a grate . As Plaintiff and Marcus Smith attempted to remove the grate, the pile shifted and Marcus Smith dropped the end of the grate he was holding . After Marcus Smith dropped his end, Plaintiff was unable to hold the end of the grate Plaintiff held and the approximately 75lbs grate slid down the front of Plaintiff's legs. Plaintiff could feel the grate tearing through the skin of Plaintiff's lower left leg as the grate slid down. The grate finally landed on Plaintiff's feet and Plaintiff fell to the ground in pain.

18. On or about February 24, 2012, Geraldo had been standing nearby when the the grate slid down Plaintiff's legs. Plaintiff told Plaintiff to come to the office. Plaintiff limped to the office, sat down, and pulled up Plaintiff's left pant leg. Plaintiff's lower left leg was oozing blood and the skin was torn. Geraldo looked at the injury and said, "[I]t's just a scrap, we don't need to send you out for medical." Plaintiff told Geraldo that his leg hurt and wanted to see a doctor. Geraldo responded, "that's going to take a lot of paper work and I cannot have people here who want to see a doctor for a little scrape." Geraldo then reached for the first aid kit and began treating and bandaging Plaintiff's left leg.

19. On or about February 24, 2012, after Geraldo treated Plaintiff's left ankle and foot, Plaintiff returned to work. As Plaintiff continued to work, Plaintiff's left ankle and foot began to swell. Plaintiff was in extreme pain.

20. On or about March 2012, Alba lowered a crane and instructed Plaintiff to cut

5.

down the objects hanging from it.  Plaintiff stood under the crane and began cutting down the objects.  Alba moved the crane about 20 seconds later without warning and struck Plaintiff in the head.  Plaintiff was furious.  Alba told Plaintiff that "[y]ou were moving to slow,  I had to get your attention."

21.  On or about March 23, 2012, Geraldo laid Plaintiff off.

22.  Starting on or about April 2012, Plaintiff went to over thirty therapy sessions to reduce the swelling in Plaintiff's left ankle and foot.

23.  On or about May 2012, test results on Plaintiff's left ankle and foot revealed that, Plaintiff had suffered a fractured talus and nerve damage as a result of Plaintiff's injuries suffered on or about February 24, 2012, at Defendant's Calwest Galvanizing.

24.  On or about September  2012, Plaintiff obtained a right-to-sue letter from the DFEH.

## FIRST CAUSE OF ACTION
(Harassment by Defendant's Supervisor Martin)

25.  Plaintiff realleges and incorporates by reference Paragraphs 1 through 24 as if fully set forth in full.

26.  At all times mentioned in this complaint, Government Code Section 12940(j) were in effect and binding on Defendant.

27.  Plaintiff was an employee of  Defendant.

6.

28. Plaintiff was subjected to unwanted verbal and visual harassment because of Plaintiff's race in violation of Government Code Section 12940(j).

29. The harassing conduct was severe or pervasive.

30. That a reasonable African American in Plaintiff's circumstances would have considered the work environment to be hostile or abusive.

31. The Defendant's Supervisor Martin engaged in the conduct.

32. As a proximate result of Defendant's harassment against Plaintiff, as alleged above, Plaintiff has been harmed in that Plaintiff has suffered humiliation, mental anguish, and emotional distress, and has been injured in mind and body.

33. As a result of such harassment and consequent harm, Plaintiff has suffered such damages in the amount of $300,000.00 or in an amount according to proof.

34. The above recited action of Defendant were done with malice, fraud, or oppression, and in reckless disregard of Plaintiff's rights under the FEHA.

## SECOND CAUSE OF ACTION
(Harassment by Defendant's Supervisor Alba)

35. Plaintiff realleges and incorporates by reference Paragraphs 1 through 24 as if fully set forth in full.

36. At all times mentioned in this complaint, Government Code Section 12940(j) were in effect and binding on Defendant.

37. Plaintiff was an employee of Defendant.

38. Plaintiff was subjected to unwanted verbal, visual and physical harassment because of Plaintiff's race in violation of Government Code Section 12940(j).

39. The harassing conduct was severe or pervasive.

40. That a reasonable African American in Plaintiff's circumstances would have considered the work environment to be hostile or abusive.

41. The Defendant's Supervisor Alba engaged in the conduct.

42. As a proximate result of Defendant's harassment against Plaintiff, as alleged above, Plaintiff has been harmed in that Plaintiff has suffered humiliation, mental anguish, and emotional distress, and has been injured in mind and body.

43. As a result of such harassment and consequent harm, Plaintiff has suffered such damages in the amount of $300,000.00 or in an amount according to proof.

44. The above recited action of Defendant were done with malice, fraud, or oppression, and in reckless disregard of Plaintiff's rights under the FEHA.

## THIRD CAUSE OF ACTION
(Discrimination)

45. Plaintiff realleges and incorporates by reference Paragraphs 1 through 24 as if fully set forth in full.

46. At all times mentioned in this complaint, Government Code Section 12940(a)

8.

were in effect and binding on Defendant.

47. Defendant was an employer.

48. Plaintiff was an employee of Defendant.

49. Defendant discharged Plaintiff on November 18, 2011.

50. Plaintiff's race was a motivating reason for the discharge in violation of Government Code Section 12940(a).

51. As a proximate result of Defendant's discrimination against Plaintiff, as alleged above, Plaintiff has been harmed in that Plaintiff has suffered humiliation, mental anguish, and emotional distress, and has been injured in mind and body.

52 . As a result of such discrimination and consequent harm, Plaintiff has suffered such damages in the amount of $300,000.00 or in an amount according to proof.

53. The above recited action of Defendant were done with malice, fraud, or oppression, and in reckless disregard of Plaintiff's rights under the FEHA.

## FOURTH CAUSE OF ACTION
(Intentional Infliction Of Emotional Distress Based On Threat And Intimidation)

54. Plaintiff hereby realleges and incorporates by reference Paragraphs 1 through 24 as if fully set forth in full.

9.

55. That on or about February 24, 2011, Defendant's Supervisor Geraldo's conduct was extreme and outrages when he intimidated and threatened Plaintiff with discharge if Plaintiff insisted on requesting seeing a doctor for the injuries sustained when the approximately 75lbs grate fell on Plaintiff's legs and feet.

56. Defendants conduct was done with reckless disregard of the probability of causing emotional distress.

57. Plaintiff sustained severe emotional suffering of having to work through the severe pain of Plaintiff's left ankle and foot in order to keep the job with Defendant due to threats and intimidation.

58. As the proximate result of Defendant's threat and intimidation against Plaintiff, as alleged above, Plaintiff has suffered emotional distress and additional injury and trama to Plaintiff's leg and foot.

59. As a result of such threat, intimidation and consequent harm, Plaintiff has suffered such damages in the amount of $500,000.00 or in an amount according to proof.

60. The above recited action of Defendant were done with malice, fraud, or oppression and in reckless disregard of Plaintiff's rights.

## REQUEST FOR JURY TRIAL

Plaintiff hereby demands trial of this matter by jury.

10.

# **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for a judgment as follows:

As to all Causes of Action:

1.  For general damages in the sum of $1,400,000.00 or according to proof;

2.  For punitive damages in an amount appropriate to punish Defendant its wrongful conduct and to set and example;

3.  For interest on the sum awarded, calculating from November 18, 2011 to the date of judgment;

5.  For costs of suit incurred herein; and

6.  For such other and further relief the Court deems proper.

_10/29/12_
Date

Roy Pierce

11.

Name & Address:

*Roy Pierce*
*302 E. Sherman Dr*
*Carson, CA- 90746*
*(310) 508-7539*

## UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| *Roy Lee Pierce* | CASE NUMBER |
| PLAINTIFF(S) | **CV12-9254** *mmm (Manx)* |
| v. | |
| *Valmont Industies, Inc.* | |
| DEFENDANT(S). | SUMMONS |

TO:   DEFENDANT(S): _____

A lawsuit has been filed against you.

Within __*21*__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff's attorney, __*Roy Pierce*__, whose address is __*302 E. Sherman Dr., Carson CA- 90746*__.  If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: *10-29-12*

By: _____

(Seal of the Court)

[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States.  Allowed 60 days by Rule 12(a)(3)].

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☑)

Roy Lee Pierce

**DEFENDANTS**

VALMONT INDUSTRIES, INC.

**(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

Roy Pierce
302 E. Sherman Dr
Carson, CA 90746   (310) 508-7539

Attorneys (If Known)

---

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question (U.S. Government Not a Party)
☑ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☑ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify):  ☐ 6 Multi-District Litigation  ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☑ Yes ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☑ No   ☑ MONEY DEMANDED IN COMPLAINT: $ 1,400,000.00

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

DISCRIMINATION, HARASSMENT, INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 540 Mandamus/Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☑ 442 Employment | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | SOCIAL SECURITY |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | REAL PROPERTY | | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | IMMIGRATION | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | ☐ 462 Naturalization Application | | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | ☐ 463 Habeas Corpus-Alien Detainee | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determination Under Equal Access to Justice | ☐ 240 Torts to Land | ☐ 465 Other Immigration Actions | | | FEDERAL TAX SUITS |
| | ☐ 245 Tort Product Liability | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 290 All Other Real Property | | | | ☐ 871 IRS-Third Party 26 USC 7609 |

**FOR OFFICE USE ONLY:** Case Number:   **CV12-9254**

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)   CIVIL COVER SHEET   Page 1 of 2

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

VIII(a). IDENTICAL CASES: Has this action been previously filed in this court and dismissed, remanded or closed? ☒ No ☐ Yes
If yes, list case number(s): _____

VIII(b). RELATED CASES: Have any cases been previously filed in this court that are related to the present case? ☒ No ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)   ☐ A. Arise from the same or closely related transactions, happenings, or events; or
                               ☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
                               ☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
                               ☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

IX. VENUE: (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| LOS ANGELES | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | OMAHA, NEBRASKA |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| LOS ANGELES | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved.

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____     Date _10/29/12_

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Margaret M. Morrow and the assigned discovery Magistrate Judge is Margaret A. Nagle.

The case number on all documents filed with the Court should read as follows:

### CV12- 9254 MMM (MANx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=========================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

[X] **Western Division**
312 N. Spring St., Rm. G-8
Los Angeles, CA 90012

[ ] **Southern Division**
411 West Fourth St., Rm. 1-053
Santa Ana, CA 92701-4516

[ ] **Eastern Division**
3470 Twelfth St., Rm. 134
Riverside, CA 92501

Failure to file at the proper location will result in your documents being returned to you.

CV-18 (03/06)        NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY